UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-100 |
| | ) | (PHILLIPS/GUYTON) |
| MELVIN SKINNER, | ) | |
| SAMUEL SKINNER, and | ) | |
| FRANK LOGAN ASBURY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court on February 13, 2007, for a hearing on all pending motions. David Jennings and Hugh Ward, Assistant United States Attorneys, were present for the government. Attorneys Ralph Harwell and Tracy Smith were present representing Defendant Melvin Skinner, and Attorney Michael McGovern was present representing Defendant Samuel Skinner. Defendants Melvin Skinner and Samuel Skinner were also present.

At the outset of the hearing, the parties agreed that certain motions could be determined on their pleadings: Defendant Melvin Skinner's Motion for Pretrial Notice of Government's Intent to Use 404(b) - Type Evidence [Doc. 31], Defendant Melvin Skinner's Motion for Pretrial Notice of Government's Intent to Use Evidence [Doc. 32], and Defendant Melvin

Skinner's Motion for Pretrial Hearing to Determine the Admissibility of Videotape [Doc. 33].[1]

Defendant Melvin Skinner moves for pretrial notice of the Government's intent to use Rule 404(b) evidence. [Doc. 31]. In its response, the Government alleges that the materials requested are covered by the Scheduling Order [Doc. 10], and the Government agrees to abide by said order. [Doc. 38]. Rule 404(b) of the Federal Rules of Criminal Procedure provides that upon the defendant's request, the government "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). This Court's Order on Discovery and Scheduling states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court orders otherwise. [Doc. 10, ¶ I]. Defense counsel cited no compelling need for an earlier disclosure, and the Court finds no reason to disturb the seven-day time frame provided in the Order on Discovery and Scheduling, with which the Government agreed to comply. Accordingly, Defendant Melvin Skinner's Motion for Pretrial Notice of the Government's Intent to Use 404(b)-Type Evidence [**Doc. 31**] is **DENIED** in light of the fact that the Order on Scheduling and Discovery adequately provides for pretrial notice of the government's intention to introduce 404(b) evidence.

Defendant Melvin Skinner moves for pretrial notice of the Government's intent to use evidence, pursuant to Rules 12(b)(4)(B) and 12(b)(3)(C) of the Federal Rules of Criminal Procedure. [Doc. 32]. In its response, the Government alleges that the materials requested are covered by the Scheduling Order [Doc. 10], and the Government agrees to abide by said order.

---

[1]Samuel Skinner joined in Defendant Melvin Skinner's Motion for Pretrial Hearing to Determine the Admissibility of the videotape [Docs. 45-2, 47].

[Doc. 38]. Rule 12(b)(4)(B) and Rule 12(b)(3)(C) require the Government, upon request of a defendant, to give notice to the defendant of the Government's intent to use certain evidence at trial. The rules are limited in scope. By their own terms, they are limited to evidence a defendant is entitled to discover under Rule 16 of the Federal Rules of Criminal Procedure. The Scheduling Order provides for the defendants to receive discovery within the purview of Rule 16. [Doc. 10]. The Government has stated that it will abide by the rules of evidence and the provisions of the Scheduling Order. [Doc. 38]. Accordingly, Defendant Melvin Skinner's Motion for Pretrial Notice of the Government's Intent to Use Evidence [**Doc. 32**] is **DENIED** in light of the fact that the Order on Scheduling and Discovery adequately provides for access to Rule 16 discovery.

Defendants moved for a pretrial hearing to determine the admissibility of a videotape, based upon the alleged inaudibility of portions of the tape. [Doc. 33]. In its response, the Government stated that it would consult with Defendants prior to trial and determine any audibility issues. [Doc. 38]. At the hearing, Defendants and the Government informed the Court that they have conferred and will attempt to agree on a transcript of the tape. Such an agreement will eliminate the need for an order from this Court on this motion. The parties were instructed to inform the Court whether an agreement is reached. Until further notice, this motion **[Doc. 33] will be held in abeyance**.

Accordingly, it is **ORDERED:**

1. Defendant Melvin Skinner's Motion for Pretrial Notice of Government's Intent to Use 404(b) - Type Evidence [Doc. 31] is **DENIED**;

2. Defendant Melvin Skinner's Motion for Pretrial Notice of Government's Intent to Use Evidence [Doc. 32] is **DENIED**; and

3. Defendants' Motion for Pretrial Hearing to Determine the Admissibility of Videotape [Doc. 33] is **held in abeyance.**

**IT IS SO ORDERED.**

                                **ENTER:**

                                s/ H. Bruce Guton
                             United States Magistrate Judge